LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-09965-BRO (Ex) | Date | February 24, 2016 |
|---|---|---|---|
| Title | EDGUARDO DURAN V. DHL EXPRESS (USA), INC. ET AL. | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS)

# ORDER RE: PLAINTIFF'S MOTION TO REMAND [10]

## I.     INTRODUCTION

Pending before the Court is Plaintiff Edguardo Duran's ("Plaintiff") Motion to Remand. (Dkt. No. 10.) After considering the papers filed in support of and in opposition to the instant Motion, the Court deems this matter appropriate for resolution without oral argument of counsel. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the following reasons, the Court **DENIES** Plaintiff's Motion.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    Factual Background

This lawsuit involves an employment dispute arising from Defendant DHL Express (USA), Inc.'s ("DHL") termination of Plaintiff. DHL employed Plaintiff as a ground mechanic for approximately sixteen years prior to terminating Plaintiff's employment. (Decl. of Jennifer A. Brody in Supp. of Pl.'s Mot. ("Brody Decl."), Ex. 2 (hereinafter "FAC") ¶ 8.)

In May 2010, Plaintiff allegedly suffered a tear in his left shoulder rotator cuff. (FAC ¶ 11(a).) In August 2010, Plaintiff took disability leave in order to undergo surgery on his shoulder, and remained on leave until January 2011. (*Id.*) Plaintiff contends that, upon returning to work in January 2011, he suffered "extreme pain and struggled to perform his duties" because his supervisor Vince Jongenelen ("Jongenelen") did not provide him with the "accommodations mandated by his doctor." (FAC ¶ 11(b).)

Case 2:15-cv-09965-BRO-E Document 12 Filed 02/24/16 Page 2 of 13 Page ID #:630

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-09965-BRO (Ex) | Date | February 24, 2016 |
|---|---|---|---|
| Title | EDGUARDO DURAN V. DHL EXPRESS (USA), INC. ET AL. | | |

Approximately three weeks later, Plaintiff commenced a second term of disability leave. (Decl. of Elaine Savastano in Supp. of Opp'n ("Savastano Decl.") ¶ 7.) During this leave of absence, Plaintiff discovered that DHL had terminated his employment. (FAC ¶ 11(c).) At that time Plaintiff contacted DHL's Human Resources manager, Elaine Savastano ("Savastano"), who allegedly told Plaintiff she would "look into the matter." (*Id.*) Plaintiff was reinstated two weeks later. (*Id.*) Plaintiff claims to have returned to work on January 24, 2012, "at his full capacity." (FAC ¶ 11(e).) In July 2013, Plaintiff commenced an additional leave of absence in order to undergo surgery on his lumbar spine. (FAC ¶ 11(f).) Plaintiff remained on leave from July 2013, until his termination in August 2014. (FAC ¶ 12(b); Savastano Decl. ¶ 8.) Plaintiff contends that DHL had a policy to terminate employees who had been on disability leave for one year, and that such policy violates California law. (FAC ¶ 12(b).)

### B. Procedural History

Plaintiff initiated this action on April 3, 2015, in the Superior Court of California, County of Los Angeles, against DHL[1], Jongenelen, and Savastano.[2] (*See* Brody Decl., Ex. 1 ¶ 2.) Plaintiff filed his FAC on June 10, 2015. (*See* Dkt. No. 5-28.) DHL maintains that Plaintiff only served DHL with the original Complaint. (Opp'n at 1.) Plaintiff's FAC alleges twelve causes of action, including: (1) age discrimination; (2) retaliation for complaining of age discrimination and/or harassment; (3) disability discrimination; (4) disability harassment; (5) retaliation for complaining of disability discrimination or harassment; (6) failure to provide reasonable accommodation; (7) failure to engage in the interactive process; (8) breach of express oral contract; (9) breach of implied-in-fact contract; (10) negligent hiring, supervision, and retention; (11) wrongful termination in violation of public policy; and, (12) intentional infliction of emotional distress. (Opp'n at 1.) The causes of action for disability harassment and intentional infliction of emotional distress are the only two claims alleged against Individual Defendants Jongenelen and Savastano. (*See* FAC ¶¶ 44–49, 92–97.)

Individual Defendants Jongenelen and Savastano demurred to Plaintiff's FAC on August 17, 2015. (*See* Dkt. Nos. 5-19, 5-22.) Plaintiff did not oppose either

---

[1] The Court will refer to Defendants Jongenelen and Savastano collectively as "Individual Defendants."

[2] Plaintiff also named "DHL Express" and "DHL Express Worldwide" as defendants.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-09965-BRO (Ex) | Date | February 24, 2016 |
|---|---|---|---|
| Title | EDGUARDO DURAN V. DHL EXPRESS (USA), INC. ET AL. | | |

Jongenelen's or Savastano's demurrer, and instead submitted on the state court's tentative ruling sustaining the demurrers without leave to amend. (Opp'n at 4; Dkt. No. 5-1 ¶¶ 3, 4.) The state court entered an order sustaining Individual Defendants Jongenelen and Savastano's demurrers to the FAC, without leave to amend. (Dkt. No. 5-1 ¶ 5.) At the case management conference held on November 4, 2015, the state court confirmed that it sustained the Individual Defendants' demurrers without leave to amend. (Dkt. No. 5-1 ¶ 6.)

On December 30, 2015, DHL removed the case to this Court claiming that the Court had jurisdiction over the case pursuant to 28 U.S.C. § 1332. (Dkt. No. 1 ("Removal").) Plaintiff filed the instant Motion to Remand on January 25, 2016, (Dkt. No. 10), which DHL opposed on February 8, 2016, (Dkt. No. 11).

## III. LEGAL STANDARD

Federal courts are of limited jurisdiction and possess only that jurisdiction as authorized by the Constitution and federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Original jurisdiction may be established pursuant to the diversity statute, 28 U.S.C. § 1332. Under § 1332(a)(1), a federal district court has jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between citizens of different states. *See* 28 U.S.C. § 1332. The United States Supreme Court has interpreted § 1332 to require "complete diversity of citizenship," meaning that each plaintiff must be diverse from each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996).

Under 28 U.S.C. § 1441(a), a civil action may be removed to the district court only if the plaintiff could have originally filed the action in federal court. This means removal is proper only if the district court has original jurisdiction over the issues alleged in the state court complaint. If a matter is removable solely on the basis of diversity jurisdiction under § 1332, it may not be removed if any properly joined and served defendant is a citizen of the forum state. *See* 28 U.S.C. § 1441(b)(2).

In determining whether removal in a given case is proper, a court should "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to

Case 2:15-cv-09965-BRO-E Document 12 Filed 02/24/16 Page 4 of 13 Page ID #:632

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-09965-BRO (Ex) | Date | February 24, 2016 |
|---|---|---|---|
| Title | EDGUARDO DURAN V. DHL EXPRESS (USA), INC. ET AL. | | |

the right of removal in the first instance." *Id.* The removing party therefore bears a heavy burden to rebut the presumption against removal. *See id.* Nevertheless, removal is proper in cases involving a non-diverse defendant where the non-diverse defendant was fraudulently joined. *See Gardner v. UICI*, 508 F.3d 559, 561 (9th Cir. 2007) (quoting *Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th Cir. 2003)).

## IV. DISCUSSION

Plaintiff contends the Court lacks subject matter jurisdiction over this case for two[3] reasons: (1) Defendant failed to remove the case within the thirty-day deadline set forth in 28 U.S.C. § 1446(b); and, (2) Defendant fails to satisfy the complete diversity requirement to establish diversity jurisdiction under § 1332. (Mot. at 1–2.) The Court will consider each argument in turn.

### A. Defendant DHL Removed this Case in a Timely Manner

First, Plaintiff argues that Defendant did not remove this case in a timely manner. (Mot. at 9–13.) "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). However, "as long as the complaint or amended pleading, motion, order or other paper does not reveal that the case is removable, the 30-day time period never starts to run and the defendant may remove at any time." *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014) (citations omitted). As the Ninth Circuit explained, courts do not "charge defendants with notice of removability until they've received a paper that gives them enough information to remove." *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006).

When a defendant removes a complaint to federal court, the defendant's burden with respect to the amount in controversy varies depending on the circumstances. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). "[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite

---

[3] In his Motion, Plaintiff briefly asserts that "defendants have no grounds for representing to the Court that plaintiff is seeking more than $75,000." (Mot. at 1.) However, Plaintiff goes on to concede that he is in fact seeking over $75,000. (Mot. at 12–13.)

Case 2:15-cv-09965-BRO-E Document 12 Filed 02/24/16 Page 5 of 13 Page ID #:633

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-09965-BRO (Ex) | Date | February 24, 2016 |
|---|---|---|---|
| Title | EDGUARDO DURAN V. DHL EXPRESS (USA), INC. ET AL. | | |

amount in controversy is pled," the applicable standard is by a preponderance of the evidence. *Id.* This requires the defendant to offer evidence establishing that it is more likely than not that the amount in controversy exceeds $75,000, exclusive of costs and interest. *Id.* (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)). In considering whether the removing defendant has satisfied its burden, the court "may consider facts in the removal petition." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

The parties agree that neither the complaint nor the FAC sought a specific amount of damages. (*See* Opp'n at 5, 6; Mot. at 13 ("Here, the amount in controversy is unclear from the face of the Complaint, other than that the amount demanded exceeds $25,000.00.").) Plaintiff's FAC seeks general and special damages, exemplary damages, pre-judgment and post-judgement interest, reasonable attorneys' fees, and costs[4] of suit. (*See* FAC at 23.) The FAC alleges Plaintiff has "sustained and continues to sustain substantial losses of earnings and other employment benefits." (FAC ¶¶ 26, 33, 40, 46, 53, 61, 69, 76, 81, 85, 95.) It also maintains that Plaintiff suffered "psychological and emotional distress, humiliation, and mental and physical pain and anguish." (FAC ¶¶ 14, 27, 34, 41, 47, 54, 62, 70, 82, 96.) Moreover, Plaintiff seeks punitive damages and attorney's fees for many of his claims. (FAC ¶¶ 15, 16, 28, 29, 35, 36, 42, 43, 48, 49, 55, 56, 63, 64, 71, 72, 97.) However, such unsubstantiated allegations do not affirmatively reveal that a case is removable. *See Washington v. Allstate Ins. Co.*, No. 2:10–cv–02130 MCE KJN, 2010 WL 4137286, at *2 (E.D. Cal. Oct. 19, 2010) (holding that determination of special damages, general damages, punitive damages and attorney's fees "according to proof" is inadequate to provide defendant with notice that the amount in controversy exceeds $75,000). Therefore, under § 1446, DHL had thirty days to file a notice of removal from the date it received the first paper from which removability was ascertainable. *See* 28 U.S.C. § 1446(b)(3).

DHL argues that it first became aware of the amount in controversy on December 3, 2015, upon receiving Plaintiff's response to DHL's first set of requests for admissions. (Opp'n at 8; Decl. of Shaun J. Voigt in Supp. of Removal ("Voigt Decl.") ¶ 7.) On October 28, 2015, "DHL propounded written discovery to ascertain whether the amount

---

[4] Although Plaintiff also seeks interest and costs, neither is considered for removal purposes, as the amount in controversy must exceed $75,000 "exclusive of interest and costs." 28 U.S.C. § 1332.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-09965-BRO (Ex) | Date | February 24, 2016 |
|---|---|---|---|
| Title | EDGUARDO DURAN V. DHL EXPRESS (USA), INC. ET AL. | | |

in controversy in this action exceeds $75,000." (Removal ¶ 19; Voigt Decl. ¶ 6, Exs. A, B.) Plaintiff responded to DHL's request on November 30, 2015, "admitting that he is seeking in excess of $75,000 in this action." (Voigt Decl. ¶ 7.) DHL received Plaintiff's response on December 3, 2015. (*Id.*) DHL maintains that it timely filed its Notice of Removal on December 30, 2015, less than thirty days from December 3, 2015—the date that Plaintiff confirmed the amount in controversy. (Removal ¶ 7.)

Plaintiff claims, on the other hand, that DHL knew as early as February 2015, or in the alternative, in June 2015, that the amount in controversy would more than likely exceed $75,000. (Mot. at 13.) To support his contention, Plaintiff claims that he sent DHL a pre-litigation demand letter in February 2015, alleging $495,000 in damages. (Brody Decl. ¶ 12.)[5] Although a demand letter "generally can qualify as 'other paper' within the meaning of section 1446(b) . . . 'other paper' does not embrace any document received prior to receipt of the initial pleading." *Aviles v. Dollar Tree Stores, Inc.*, No. CV 15-05565 DDP (AJWx), 2016 WL 270211, at *2 (C.D. Cal. Jan. 21, 2016) (quoting *Kuxhausen v. BMW Fin. Servs. NA LLC,* 707 F.3d 1136, 1141–42 (9th Cir. 2013)). Since the demand letter in this case was sent in February 2015—two months before Plaintiff filed the original Complaint in this action—the demand letter could not have triggered the thirty-day removal period. *See id.* at *2.

Plaintiff alternatively contends that DHL knew in June 2015 that the amount in controversy would more than likely exceed $75,000 when DHL received Plaintiff's responses to DHL's Form Interrogatories. (*See* Mot. at 13.) DHL maintains that Plaintiff's answers to the Form Interrogatories did not allege damages of more than $75,000, but rather, indicated "less than $45,000 in lost wages, an undisclosed amount of benefits, and other vague items that Plaintiff did not even attempt to quantify." (Opp'n at 8; *see also* Mot. at 6). DHL claims that if it had removed the case based on the

---

[5] Although DHL does not deny receiving the letter, it raises three evidentiary objections to Plaintiff's reference to the letter in the Declaration of Jennifer Brody. (*See* Def.'s Objs. to Decl. of Jennifer Brody ("Def.'s Objs.") at 1.) DHL objects to paragraph twelve of the Declaration, which references the pre-litigation demand letter, on relevancy, hearsay, and best evidence grounds. (*Id.*) The Court need not consider DHL's evidentiary objections, however, because as discussed, the timing precludes the letter from triggering the thirty-day period for removal under § 1446. As such, the Court **OVERRULES** DHL's objections **as moot**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-09965-BRO (Ex) | Date | February 24, 2016 |
|---|---|---|---|
| Title | EDGUARDO DURAN V. DHL EXPRESS (USA), INC. ET AL. | | |

information in Plaintiff's interrogatory responses, "there is little doubt that Plaintiff would have sought remand." (Opp'n at 8.) The Court agrees.

"[A] defendant cannot establish removal jurisdiction by mere speculation and conjecture." *See Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015); *see also LA Laser Center, PC v. Viamedia*, No. CV 12–04068 SJO (SHx), 2012 WL 1820920, at *3 (C.D. Cal. May 18, 2012) ("[d]efendant failed to show by a preponderance of the evidence that more than $75,000 is in controversy" where complaint sought $42,696.69 and an undisclosed amount of punitive and exemplary damages). Plaintiff's June 2015 interrogatory responses provide that Plaintiff seeks $44,484 in lost wages, along with other unspecified amounts, which cannot accurately be calculated without additional information. (*See* Brody Decl., Ex. 3 at 3.) Furthermore, even though the FAC does seek punitive and exemplary damages, Plaintiff's allegations do not specify or estimate the amounts at stake. (*See generally* FAC.) Therefore, DHL would have been unable to present the "summary-judgment type of evidence" required to establish the amount in controversy in June 2015, based on Plaintiff's interrogatory responses. *See LA Laser Center, PC*, 2012 WL 1820920, at *3. (*See also* Mot. at 13 (acknowledging Defendant's burden of submitting "summary-judgment type evidence to establish that the actual amount in controversy exceeds $75,000" where the amount in controversy is not clear on the face of the complaint (quoting *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002))).)

Thus, for purposes of removal, the Court finds that Defendant DHL first became aware that the amount in controversy more likely than not exceeds $75,000 when it received Plaintiff's response to DHL's requests for admissions on December 3, 2015. As such, the thirty-day removal period began on December 3, 2015.[6] Accordingly, DHL timely removed the case twenty-eight days later on December 30, 2015.

---

[6] Although Plaintiff served his response on November 30, 2015, it was served by U.S. Mail, and DHL did not receive it until December 3, 2015. (*See* Voigt Decl. ¶ 7.) According to § 1446, the thirty-day period does not begin to run until defendant receives the paper from which removability is ascertainable. *See* 28 U.S.C. § 1446(b)(3). In addition, California Code of Civil Procedure section 1013 provides for an additional five calendar days to respond where service is effectuated by mail. Cal.Civ.Proc.Code § 1013 (West 2016).

Case 2:15-cv-09965-BRO-E Document 12 Filed 02/24/16 Page 8 of 13 Page ID #:636
LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-09965-BRO (Ex) | Date | February 24, 2016 |
|---|---|---|---|
| Title | EDGUARDO DURAN V. DHL EXPRESS (USA), INC. ET AL. | | |

### B. Complete Diversity is Satisfied

Plaintiff names DHL, Savastino, Jongenelen, DHL Express, and DHL Worldwide Express as defendants in this case. In order to establish complete diversity, Plaintiff's citizenship must be different from each Defendant's citizenship. *See Caterpillar Inc.*, 519 U.S. at 67–68.

For diversity jurisdiction purposes, an individual is a citizen of his or her state of domicile. *Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). An individual is domiciled where he or she resides with the intention to remain. *Id.* Plaintiff is a citizen of California. (*See* Removal ¶ 12.)[7]

Under § 1332(c), a corporation is a citizen of each state in which it is incorporated and in the state where is has its principal place of business. 28 U.S.C. § 1332(c). DHL contends that it is incorporated in Ohio, and maintains its corporate headquarters and principal place of business in Florida. (Removal ¶ 13.) DHL is therefore a citizen of Ohio and Florida.

---

[7] Plaintiff argues DHL has failed to establish that Plaintiff is a California citizen for diversity jurisdiction purposes because Defendant has not offered evidence supporting the allegations about Plaintiff's domicile. (*See* Mot. at 14.)

Plaintiff's argument is meritless. Under 28 U.S.C. § 1446, a defendant seeking to remove a matter must file a notice of removal "signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). However, "[n]othing in the statute requires a removing defendant to submit evidence in support of its jurisdictional allegations." *Silva v. Wells Fargo Bank NA*, No. CV 11–3200 GAF JCGX, 2011 WL 2437514, at *3 (C.D. Cal. June 16, 2011) (citation omitted). Thus, DHL did not need to support its allegations about Plaintiff's California citizenship with evidence.

In fact, Plaintiff's FAC alleges that Plaintiff is a resident of California, (FAC ¶ 1), and Plaintiff's Motion concedes that Plaintiff is, in fact, a California citizen, (*see* Mot. at 2 ("[D]efendants cannot circumvent the fact that Jongenelen and Savastino [sic], along with plaintiff, are from the same state.")). Moreover, Plaintiff's Motion for Remand relies in part on the argument that complete diversity is not satisfied because Individual Defendants Jongenelen and Savastano are California citizens. (*See* Mot. at 15.) Complete diversity would thus only be lacking if Plaintiff is also a California citizen. DHL has adequately established that Plaintiff is a California citizen for diversity jurisdiction purposes.

Case 2:15-cv-09965-BRO-E Document 12 Filed 02/24/16 Page 9 of 13 Page ID #:637

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-09965-BRO (Ex) | Date | February 24, 2016 |
|---|---|---|---|
| Title | EDGUARDO DURAN V. DHL EXPRESS (USA), INC. ET AL. | | |

Defendants DHL Express and DHL Worldwide are "non-existent entities" that Defendant DHL alleges Plaintiff did not serve with either the Complaint or FAC. (Opp'n at 1 n.1.) Plaintiff does not deny DHL's characterization. (*See generally* Mot.) The citizenship of these parties is thus irrelevant to the Court's diversity of citizenship analysis.

Plaintiff's FAC alleges that Individual Defendants Jongenelen and Savastano are citizens of California. (FAC ¶ 2.) However, in her declaration, Savastano confirms that she is in fact a citizen of Arizona. (*See* Savastano Decl. ¶ 2.) Accordingly, complete diversity is not satisfied unless Individual Defendant Jongenelen is a "sham" defendant who Plaintiff has fraudulently joined. *See Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009).

### 1. Individual Defendant Jongenelen is a "Sham" Defendant

A non-diverse defendant who has been fraudulently joined may be disregarded for diversity jurisdiction purposes. *Hunter*, 582 F.3d at 1043. A fraudulently joined defendant is frequently referred to as a "sham" defendant. Fraudulent joinder is a term of art and does not implicate a plaintiff's subjective intent. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Fraudulent joinder exists—and the non-diverse defendant is ignored for purposes of determining diversity of the parties—if the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.*; *accord Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). A "merely defective statement of the plaintiff's action does not warrant removal." *Albi v. St. & Smith Publ'ns, Inc.*, 140 F.2d 310, 312 (9th Cir. 1944). It is "only where the plaintiff has not, in fact, a cause of action against the resident defendant, and has no reasonable ground for supposing he has, and yet joins him in order to evade the jurisdiction of the federal court, that the joinder can be said to be fraudulent." *Id.*

District courts may consider "the facts showing the joinder to be fraudulent." *McCabe*, 811 F.2d at 1339; *see also Ritchey*, 139 F.3d at 1318 (explaining that where fraudulent joinder is at issue, a district court may look beyond the pleadings because "a defendant must have the opportunity to show that the individuals joined in the action cannot be liable on any theory"). Thus, a court may consider declarations and affidavits to determine whether "discrete and undisputed facts" would preclude recovery against the

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-09965-BRO (Ex) | Date | February 24, 2016 |
|---|---|---|---|
| Title | EDGUARDO DURAN V. DHL EXPRESS (USA), INC. ET AL. | | |

non-diverse defendants. *Hunter*, 582 F.3d at 1044. The Ninth Circuit has adopted the view that because the party seeking removal bears the burden of demonstrating fraudulent joinder, "the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." *Id.* (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573–74 (5th Cir. 2004) (en banc)).

DHL thus bears the burden of demonstrating that Jongenelen, a California citizen, has been improperly named as a defendant in this matter. *See Gaus*, 980 F.2d at 566 (describing a defendant's burden of establishing that removal is proper). "There is a general presumption against a finding of fraudulent joinder, and the removing party must prove by clear and convincing evidence that joinder was fraudulent." *Huber v. Tower Grp., Inc.*, 881 F. Supp. 2d 1195, 1199 (E.D. Cal. 2012); *accord Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) ("Fraudulent joinder must be proven by clear and convincing evidence."); *Diaz v. Allstate Ins. Grp.*, 185 F.R.D. 581, 586 (C.D. Cal. 1998) ("[D]efendants who assert fraudulent joinder carry a heavy burden of persuasion.").

To defeat remand, DHL must establish that Plaintiff has failed to state a claim against Jongenelen based on well-settled California law. *McCabe*, 811 F.2d at 1339. Plaintiff, on the other hand, can establish that removal was improper merely by demonstrating that "there is any possibility that [he] will be able to establish liability against the party in question." *Briano v. Conseco Life Ins. Co.*, 126 F. Supp. 2d 1293, 1296 (C.D. Cal. 2000). Plaintiff will not be able to do so. As discussed, the state court judge dismissed Plaintiff's claims against defendant Jongenelen without leave to amend. (*See* Dkt. No. 5-1 ¶ 5.)[8]

The FAC alleges causes of action against Individual Defendant Jongenelen for intentional infliction of emotional distress ("IIED") and disability-based harassment under California's Fair Employment and Housing Act ("FEHA"). (*See* FAC ¶¶ 44–49,

---

[8] As noted, prior to removal the state court judge sustained Individual Defendants Jongenelen and Savastano's demurrers without leave to amend. However, a case must remain in state court unless a "voluntary act of the plaintiff brings about a change that renders the case removable." *Self v. General Motors*, 588 F.2d 655, 657 (9th Cir. 1978). Because the demurrers were involuntary dismissals, the Court must consider DHL's argument that Jongenelen and Savastano were fraudulently joined to determine whether there is complete diversity for removal purposes.

Case 2:15-cv-09965-BRO-E Document 12 Filed 02/24/16 Page 11 of 13 Page ID #:639

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-09965-BRO (Ex) | Date | February 24, 2016 |
|---|---|---|---|
| Title | EDGUARDO DURAN V. DHL EXPRESS (USA), INC. ET AL. | | |

92–97.) The FAC alleges few facts specifically pertaining to Individual Defendant Jongenelen. Plaintiff contends that Jongenelen refused to make accommodations for Plaintiff upon his return to work in January 2011. (*See* FAC ¶ 11(a).) Plaintiff also claims that, from July 2013 to July 2014, he checked in on a monthly basis with Jongenelen regarding the status of his disability. (FAC ¶11(g).) These are the only two allegations Plaintiff provides as to Jongenelen's conduct. For the following reasons, Plaintiff's FAC fails to state a claim for IIED or under the FEHA according to well-settled California law.

### a. Plaintiff's FEHA Claim

Plaintiff's allegations are insufficient to state a claim for disability-based harassment against Jongenelen according to California's well-settled law. To be actionable as harassment, the conduct must be sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive environment. *Thompson v. City of Monrovia*, 186 Cal. App. 4th 860, 877 (Cal. Ct. App. 2010) (explaining that to state the fourth element of a prima facie case for disability-based harassment under FEHA—that the harassment created a hostile working environment—a plaintiff "must prove that the defendant's conduct would have interfered with a reasonable employee's work performance and would have seriously affected the psychological well-being of a reasonable employee" (quoting *Aguilar v. Avis Rent A Car Sys., Inc.*, 21 Cal. 4th 121, 131 (Cal. 1999))). "[O]ccasional, isolated, sporadic, or trivial" conduct is insufficient—harassment must be of a "repeated, routine, or a generalized nature." *Id.* (quoting *Aguilar*, 21 Cal. 4th at 131 (internal quotation marks omitted)).

The apparent refusal by Jongenelen to accommodate Plaintiff does not qualify as the type of pervasive or severe conduct that would create a hostile work environment under the FEHA. *See Miller v. Dep't of Corrections*, 36 Cal. 4th 446, 462 (Cal. 2005) ("In one case . . . a hostile environment was stated when the plaintiff alleged she had been subjected to long-standing ridicule, insult, threats, and especially exacting work requirements." (citing *Accardi v. Superior Court*, 17 Cal. App. 4th 341, 347–48 (Cal. Ct. App.1993))). Moreover, the duty to reasonably accommodate applies to employers, not employees. *See* Cal. Gov't Code § 12940(m). This allegation thus bears on whether DHL failed to offer Plaintiff reasonable accommodations, not whether Jongenelen, as an individual, harassed Plaintiff under Section 12940(j). *See* Cal. Gov't Code § 12940(j).

Case 2:15-cv-09965-BRO-E Document 12 Filed 02/24/16 Page 12 of 13 Page ID #:640

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-09965-BRO (Ex) | Date | February 24, 2016 |
|---|---|---|---|
| Title | EDGUARDO DURAN V. DHL EXPRESS (USA), INC. ET AL. | | |

Moreover, "harassment consists of a type of conduct not necessary for performance of a supervisory job." *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 63 (Cal. Ct. App. 1996). "[C]ommonly necessary personnel management actions" such as hiring and firing, work assignments, and performance evaluations do not amount to harassment. *Id.* at 64–65. Harassment requires "conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives." *Id.* at 63. Plaintiff does not allege any facts to suggest that Jongenelen's actions were motivated by meanness or ill-will such that they constitute harassment, as opposed to general personnel management. *See id.* Thus, Plaintiff has not pleaded sufficient facts to establish a claim against Jongenelen for harassment.

### b. Plaintiff's IIED Claim

Plaintiff also asserts that Defendant Jongenelen is liable for IIED. (FAC ¶¶ 92–97.) Plaintiff alleges that Jongenelen refused to accommodate him upon his return to work. (FAC ¶ 11(a).) Plaintiff's claim against Defendant Jongenelen is barred by the California Workers' Compensation Act. *See* Cal. Lab. Code §§ 3600, 3601. "[U]nder California law, claims for negligent and intentional infliction of emotional distress made within the context of the employment relationship are within the exclusive remedy provisions of the California Workers' Compensation Act." *Schaffer v. GTE, Inc.*, 40 F. App'x 552, 557 (9th Cir. 2012); *see Singh v. Southland Stone, U.S.A., Inc.*, 186 Cal. App. 4th 338, 367 (Cal. Ct. App. 2010) ("An employer's intentional misconduct in connection with actions that are a normal part of the employment relationship, such as demotions and criticism of work practices, resulting in emotional injury is considered to be encompassed within the compensation bargain, even if the misconduct could be characterized as 'manifestly unfair, outrageous, harassment, or intended to cause emotional disturbance.'" (quoting *Cole v. Fair Oaks Fire Protection Dist.*, 43 Cal. 3d 148, 160 (Cal. 1987))).

Due to the limited nature of this allegation, and the fact that the alleged conduct occurred during the normal course of the employer-employee relationship, the workers' compensation exclusivity rule applies. *See Singh*, 186 Cal. App. 4th at 481 ("Because the count for intentional infliction of emotional distress is based exclusively on misconduct that occurred in the normal course of the employment relationship . . . the exclusivity rule applies."). Even assuming Plaintiff's IIED claim is not barred by the California Workers' Compensation Act, it still fails because Plaintiff has not established a prima facie case of

Case 2:15-cv-09965-BRO-E Document 12 Filed 02/24/16 Page 13 of 13 Page ID #:641

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 15-09965-BRO (Ex) | Date | February 24, 2016 |
|---|---|---|---|
| Title | EDGUARDO DURAN V. DHL EXPRESS (USA), INC. ET AL. | | |

IIED. IIED requires that Plaintiff show "extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard for the probability of causing, emotional distress." *See Christensen v. Sup. Ct.*, 54 Cal. 3d 868, 903 (Cal. 1992). Plaintiff has not alleged facts to support the contention that Jongenelen's conduct of refusing his accommodation was "extreme and outrageous." *See id.* ("Conduct to be outrageous must be so extreme as to exceed all bounds of that usually tolerated by a civilized community."). Accordingly, Plaintiff has also failed to establish a viable claim against Jongenelen for IIED.[9]

Based on the foregoing analysis, Individual Defendant Jongenelen is a sham defendant whose citizenship must be disregarded for purposes of diversity jurisdiction. *McCabe*, 811 F.2d at 1339. As such, the complete diversity requirement is satisfied here.

## V. CONCLUSION

For the foregoing reasons, the Court concludes that DHL properly removed this matter pursuant to 28 U.S.C. §§ 1332 and 1446. As such, the Court **DENIES** Plaintiff's Motion to Remand.[10] The hearing set for February 29, 2016, is hereby **VACATED**.

**IT IS SO ORDERED.** :

Initials of Preparer    rf

---

[9] Plaintiff argues that he should be allowed to "amend his Complaint to recover ultimately against Jongenelen or Savastaino [sic]." (Mot. at 3.) However, this contention lacks merit. The state court judge granted Individual Defendants Jongenelen and Savastano's demurrers without leave to amend. (Dkt. No. 5-1 ¶ 5.) Accordingly, Plaintiff cannot amend his pleadings with regard to his claims against Jongenelen and Savastano.

[10] In his Motion, Plaintiff requests an award of costs and attorneys' fees incurred in bringing the instant remand motion under 28 U.S.C. § 1447(c), which authorizes a district court to order costs and actual expenses, including attorneys' fees incurred as a result of removal when remanding a matter. (Mot. at 19–20.) *See* 28 U.S.C. § 1447(c). Because the Court denies Plaintiff's Motion to Remand, the Court accordingly **DENIES** Plaintiff's request for costs and attorneys' fees.